Diawara MAMADOU, Petitioner,

v.

Alberto R. GONZALES,* United States Attorney General, Respondent.

No. 05–0243–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Denise K. Bonnaig, Bonnaig & Assoc., New York, New York, for Petitioner.

Chuck Rosenberg, U.S. Atty., for the Southern District of Texas, Mitchel Neurock, Asst. U.S. Atty., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Diawara Mamadou, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

In his brief, Mamadou alleges that the translation of his testimony by the court-appointed interpreter was incompetent and constituted a violation of his due process rights. However, a review of the record indicates that Mamadou did not raise this issue to the BIA. It is well established that parties are generally prohibited from seeking judicial review of adverse administrative agency decisions without first seeking "all possible relief within the agency itself." *Beharry v. Ashcroft,* 329 F.3d 51, 56 (2d Cir.2003) (internal quotation omitted). The exhaustion requirement "serves numerous purposes,

including protecting the authority of administrative agencies, limiting interference in agency affairs, and promoting judicial efficiency by resolving potential issues and developing the factual record." *Id.* (internal quotations and citations omitted). In the immigration context, there is a statutorily imposed, mandatory exhaustion requirement, as well as a judicially imposed, discretionary exhaustion requirement. *See Beharry,* 329 F.3d at 56–57. Both requirements include an exception for certain "subsidiary legal arguments." *Gill v. INS,* 420 F.3d 82, 86–87 (2d Cir.2005). However, this Court has limited that exception to "specific subsidiary legal argument[s], particularly one[s] that [are] purely legal and fall[ ] outside the [agency's] traditional area of expertise." *Id.* at 87.

In this case, Mamadou failed to raise his claim regarding the interpreter to the BIA, and, thus, the claim is not exhausted. Further, the interpretation argument does not fall within the exception to the exhaustion requirements because, while it may be a "subsidiary legal argument," the issue does not fall outside the traditional area of the BIA's expertise. Rather, the claim involves the factual issue of whether Mamadou understood the interpreter at his immigration hearing. That issue falls well within the expertise of the immigration courts and the BIA, which deal with interpretation issues on a daily basis. Further, the BIA and IJ are in the best position to review such claims, given that they are in actual possession of the audio recordings of the immigration hearing.

In his brief, Mamadou argues that, because the IJ's relied on the interpreter's faulty translation, the adverse credibility determination is not supported by substantial evidence in the record. However, Mamadou does not cite to a specific instance of mistranslation by the interpreter that resulted in one of the inconsistencies relied on by the IJ in determining that Mamadou had not testified credibly. Rather, Mamadou argues generally that he did not understand the interpreter, and that the IJ should have taken specific steps to correct the problem when it allegedly became apparent. Accordingly, Mamadou has waived any specific challenge to the IJ's denial of his application for asylum, withholding, and CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Further, the IJ's adverse credibility determination is substantially supported by the record. In determining that Mamadou was not credible, the IJ noted that Mamadou contradicted both his written narrative in support of his application, and his own testimony at the hearing. " 'Where the IJ's adverse credibility finding is based on specific examples in the record of . . . . contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.' " *Id.* (quoting *Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)). In his brief, Mamadou does not claim that the inconsistency between the dates in his testimony arose from the allegedly faulty translation by the interpreter. Because Mamadou's asylum claim was based on his alleged abuse and persecution by members of Nguessou's military, his inconsistent testimony regarding the dates of those abuses involved facts central to his asylum claim, and, thus, bore a "legitimate nexus" to the IJ's adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 307.

Mamadou also argues that the IJ erred in failing to consider all of the evidence offered in support of Mamadou's claim. However, recently, in *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–60 n. 13 (2d Cir.2006), this Court determined that,

although an IJ is required to take into account a petitioner's significant factual assertions, "we have never required .... that an IJ expressly parse or refute on the record each and every one of a petitioner's purported explanations for testimonial inconsistencies or evidentiary gaps." *See also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343–44 (2d Cir.2006) (noting that "[t]here is .... no authority supporting a petitioner's contention that an IJ errs unless he specifically discusses, evaluates, and accepts or rejects each piece of documentary evidence submitted"). In this case, a review of the record demonstrates that the IJ did not fail to consider either any pertinent information or whether Mamadou explained the inconsistencies in his testimony.

■ Because Mamadou is ineligible for asylum, the IJ properly concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales*, 331 F.3d at 306.

■ Further, to the extent that Mamadou alleges that the IJ failed to independently consider his CAT claim, his argument fails. In *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir. 2004), this Court determined that, because the CAT inquiry is "independent of the asylum analysis," an IJ errs when he fails to consider a petitioner's claim under the CAT independent of the petitioner's asylum and withholding claims. However, in *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005), this Court determined that, where all of the petitioner's claims—asylum, witholding, and CAT—are based on the same factual predicate, the IJ does not err in relying on a common set of factual findings to deny all of the claims. In this case,

Mamdou's CAT claim was predicated upon the same factual basis as his asylum and withholding claims. Accordingly, the IJ did not err in relying on the same factual findings to deny all three claims.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).